```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RES EXHIBIT SERVICES, LLC,

                        Plaintiff,
                                                    09-CV-6659

               v.                                   **DECISION
                                                    and ORDER**
TECAN GROUP, LTD., TECAN U.S., INC., TECAN
TRADING AG,

                        Defendants.
_____
```

## **INTRODUCTION**

This action arises out of an alleged breach of a 2006 agreement between defendants Tecan Trading Group, Ltd., Tecan U.S. and Tecan Trading AG (collectively "Tecan Group") and plaintiff RES Exhibit Services, LLC ("RES"). The 2006 Agreement (hereinafter referred to as the "Agreement") contains a forum selection clause, which RES claims requires any application in law or equity to be venued in New York State Supreme Court, Monroe County, New York.[1] Tecan Group however, filed a notice of removal from state court pursuant to 28 U.S.C. §§ 1441 and 1332. RES now moves to remand this action back to state court pursuant to 28 U.S.C. § 1447. For the reasons set forth below, the Court grants RES' motion and remands this action to state court.

## **BACKGROUND**

RES commenced this action in New York State Supreme Court,

---

[1] While the general terms of the Agreement and the details of the parties' underlying dispute are outside the scope of this motion, the forum selection clause found in Paragraph 17 of the Agreement is what is critical.

Monroe County by the filing of the Summons and Complaint on September 29, 2009. Thereafter, an Amended Summons and Complaint were filed in the Monroe County Clerk's office on November 2, 2009. Defendants accordingly removed the action to this Court by filing a Notice of Removal pursuant to 28 U.S.C. §§1441 and 1332.

Paragraph 17 of the Agreement contains the following forum selection clause:

> With respect to services rendered in the United States, this Agreement shall be construed in accordance with the laws of the State of New York without regard for its conflict of laws provisions. Any application in law or equity including but not limited to injunctions, restraining orders and/or seizures, **shall be exclusively venued in New York State Supreme Court, Monroe County, New York.**

See Ex. A of RES' Amended Complaint at ¶17. RES contends that the Agreement is clear and unambiguous that the parties never wavered on the fact that any disputes would be exclusively determined in New York State Supreme Court, Monroe County, New York. See Pl. Br. at 5. Defendants Tecan Group contend that Paragraph 17 is ambiguous. See Defs. Br. at 4.

### DISCUSSION

**I. Motion to Remand**

**A. Standard of Review**

Federal courts have original jurisdiction over civil actions in which the dispute is between citizens of different states and in which the sum in controversy exceeds $75,000. See 28 U.S.C. §1332(a). In order to obtain diversity jurisdiction, there must be

"complete diversity" so that no adverse parties are citizens of the same state. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity....") A diversity case may only be removed if none of the properly joined defendants is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

In evaluating the propriety of a removal, the Court starts with the baseline principle that federal courts are courts of limited jurisdiction. See Keene Corp. v. United States, 508 U.S. 200, 207 (1993). Accordingly, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F.Supp.2d 357, 367 (S.D.N.Y.2006) (internal quotation marks omitted); see also Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F.Supp. 1232, 1234 (S.D.N.Y.1979) (noting that the right of removal is "a matter of legislative grace" (citing Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)).

Judicial scrutiny is especially important "in the context of removal, where considerations of comity play an important role." Johnston v. St. Paul Fire & Marine Ins. Co., 134 F.Supp.2d 879, 880 (E.D.Mich.2001). Indeed, "[o]ut of respect for the independence of

state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 179 (S.D.N.Y.2003) (internal quotation marks omitted); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (noting that federalism concerns call for "the strict construction" of the removal statute); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir.1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (internal citation omitted)); Zerafa v. Montefiore Hosp. Hous. Co., 403 F.Supp.2d 320, 324 (S.D.N.Y.2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum").

As a general matter, the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994). If there is any doubt as to whether

removal is appropriate, the case should be remanded. See Phoenix Global Ventures, Inc. v. Phoenix Hotel Assoc., Ltd., 2004 WL 2360033, at *2 (S.D.N.Y.2004).

   **B.   Forum Selection Clause**

When adjudicating diversity cases, federal courts apply federal law to determine the enforceability of a contractual forum selection clause. See Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir.1990) (finding that since "[q]uestions of...the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature," federal law applies in diversity cases). The first step for assessing the enforceability of a forum selection clause is to determine whether the clause is mandatory or permissive. See Bison Pulp & Paper Ltd. v. M/V Pergamos, 1995 WL 880775, at *9 (S.D.N.Y.1995). For this purpose, a court scrutinizes the wording of the parties' agreement, applying principles of contractual interpretation. See Boutari v. Attiki Importers, 22 F.3d 51, 53 (2d Cir.1994). Generally, a clause is mandatory if its language indicates the parties' intent that only one forum could decide their disputes. See Bison Pulp, 1995 WL 880775, at *10. A court will enforce a forum selection clause if it specifies the jurisdiction and venue with particularity by way of mandatory or exclusive language. See id.

"There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." Koninklijke Philips Elecs. v. Digital Works, Inc., 358 F.Supp.2d 328, 332 (S.D.N.Y.

2005) (citations omitted). A party seeking to prevent the enforcement of a forum selection clause "bear[s] the heavy burden of making a 'strong showing' in order to overcome the presumption of validity." Eslworldwide.com, Inc. v. Interland, Inc., 2006 WL 1716881, at *2 (S.D.N.Y.2006). Such clauses should be enforced "unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones, 901 F.2d at 18 (citations omitted). The Second Circuit has applied this rule in diversity cases. See Koninklijke Philips Elecs., 358 F.Supp.2d at 331.

The "unreasonable" exception is interpreted narrowly. Id. at 332. It renders a forum selection clause unenforceable in the following circumstances: (1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party "will for all practical purposes be deprived of his day in court" due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state. Id. at 332 (citations omitted).

**C. The Agreement's Forum Selection Clause Precludes Removal**

Plaintiff RES argues that the Agreement's forum selection clause found in ¶17 identifies New York State Supreme Court, County of Monroe as the exclusive court for any application in law or equity related to the Agreement. See Pl. Br. at 9. In this regard,

RES claims that the parties to the Agreement cannot remove this lawsuit from New York State Supreme Court, County of Monroe to Federal District Court. See id. Defendants Tecan Group on the other hand, relying on John's Insulation v. Siska Const. Co., 671 F.Supp. 289 (S.D.N.Y.1987), contend that language in ¶17 of the forum selection clause is ambiguous. See Defs. Br. at 5. Tecan Group further claims that ¶17 is susceptible to two plausible interpretations. See id. This Court disagrees. While Tecan Group relies on John's Insulation to support its proposition, the Court finds that the instant case is readily distinguishable. The John's Insulation court decided that the subject forum selection clause was ambiguous because of the words "shall be commenced." The instant case is distinguishable because ¶17 states a specific court i.e. New York State Supreme Court, County of Monroe and states that the matter "shall be shall be exclusively venued" in that court. Accordingly, unlike the John's Insulation case, the instant forum selection clause provides for an exclusive venue and is not limited only to commencement.

Further, the Court finds that the forum selection clause in the Agreement is mandatory rather than permissive because the clause plainly and explicitly provides for a single jurisdiction, the Supreme Court of the State of New York, County of Monroe, and includes usage of the term "shall be exclusively venued." See Paragraph 17 of the Agreement. Such an agreement by the parties is not general or broad enough to contemplate multiple venues. See

Boutari, 22 F.3d at 53. Instead, identification more narrowly drawn to refer to a specific court pursuant to a restrictive contractual agreement dictates where the matter may be settled. See Korean Press Agency, Inc. v. Yonhap News Agency, 421 F.Supp.2d 775, 777-79 (S.D.N.Y.2006); see also Eklecco L.L.C. v. Rainforest Café, Inc., 2002 WL 1428924, at *2 (N.D.N.Y.2002) (holding that a lease provision declaring that disputes "shall be brought in the New York Supreme Court, Onondaga County" was mandatory).

More important, after identification of a specific jurisdiction, is whether the accompanying language indicates an intent to exclude all other forums. See Boutari, 22 F.3d at 52. As noted above the parties used the phrase "shall be exclusively venued in New York State Supreme Court, Monroe County, New York." See Paragraph 17 of the Agreement. The selection of the phrase "exclusively venued in New York State Supreme Court, Monroe County, New York" further notes that matters may only be venued in New York State Supreme Court, Monroe County. The forum selection clause also used the word "Any" to modify the word "application," which is broadly defined by the dictionary as a "request" or "petition." In addition, the parties used the phrase "in law and equity," which is consistent with the New York State Constitution's grant of original jurisdiction in the Supreme Court of all matters involving law and equity. See NY Const., Art. VI, § 7(a); see also Sohen v. Calderon, 78 N.Y.2d 755, 766 (1991). Accordingly, the import of such wording precludes defendants Tecan Group's efforts to remove this action to federal court. The Court finds that the parties to the Agreement waived their right of removal through the

Agreement's forum selection clause, which unequivocally identifies New York State Supreme Court, County of Monroe as the exclusive forum for an application in law or equity.

Moreover, defendants Tecan Group have failed to make any showing that the enforcement of the forum selection clause would be unjust or unreasonable, or that the clause is invalid on the basis of fraud or undue influence. See Jones, 901 F.2d at 18. The Court, therefore, finds that the defendants Tecan Group have not met their burden of demonstrating that this case presents the "exceptional" circumstances where the forum selection clause should not be enforced. Hence, the Court concludes that the forum selection clause is reasonable and should be enforced. Thus, RES's motion to remand is granted and defendants Tecan group are precluded by the forum selection clause from removing the case from State Court.

## II. **Attorneys Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Assessment of costs and fees against the removing defendants is within the court's discretion and does not require a finding of bad faith or frivolity." Kuperstein v. Hoffman-Laroche, Inc., 457 F.Supp.2d 467, 472 (S.D.N.Y.2006) (footnote omitted); see also Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir.1992) (stating that § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). "Absent unusual circumstances, courts may award attorney's fees under §

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also Kuperstein, 457 F.Supp.2d at 472 (stating that courts have awarded costs when "defendants...failed to establish a reasonable basis for removal," but that the "mere fact that the defendant fail[ed] to carry his burden" does not justify an award) (internal quotation marks and footnote omitted).

The Court, in its discretion, denies costs and attorneys' fees. Although defendants Tecan Group did not prevail in opposing the motion to remand, it does not appear that Tecan Group's arguments were objectively unreasonable, intended to harass RES, or to prolong or delay the litigation. See Lancer Ins. v. MKBS, LLC, 2008 WL 5411090, at *4 (E.D.N.Y.2008). Based upon the facts of this case, plaintiff RES' motion insofar as it seeks an award of costs and fees is denied.

## CONCLUSION

Plaintiff's motion to remand this action to the Supreme Court of the State of New York, County of Monroe is GRANTED. Plaintiff's motion seeking an award of costs and attorneys' fees is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      s/Michael A. Telesca
                                      MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
             June 21, 2010